```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| WALTER A. TORMASI, | : |
| Plaintiff, | : Civil No. 09-2330 (JAP) |
| v. | : |
| GEORGE W. HAYMAN, et al. | : **O R D E R** |
| Defendants. | : |

IT APPEARING THAT:

1. On May 15, 2009, the Clerk opened the instant matter and docketed Plaintiff civil complaint, which arrived accompanied by Plaintiff's filing fee. See Docket Entry No. 1.

2. Plaintiff is a party to another action, Tormasi v. Hayman, 08-4950 (D.N.J., filed on October 7, 2008), the original pleadings in which were submitted by Plaintiff to his prison authorities on or after September 30, 2008, see id., Docket Entry No. 1, at 27, and the amended pleadings in which were submitted by Plaintiff to his prison authorities on or after February 17, 2009. See id., Docket Entry No. 26, at 29. Plaintiff's allegations in Tormasi v. Hayman, 08-4950, are substantively identical to the instant matter. Compare id., Docket Entries Nos. 1 and 26, to this action, Docket Entry No. 1. Specifically, in both actions, Plaintiff asserts that Defendants failed to provide Plaintiff with prescription glasses, causing Plaintiff various injuries and violating Plaintiff's Eighth Amendment rights. See instant action, Docket Entry No. 1; see also

Tormasi v. Hayman, 08-4950, Docket Entry No. 1. The distinctions between these two actions are minimal and could be largely reduced to the following observations:

(a) in Tormasi v. Hayman, 08-4950, Plaintiff asserted that he was denied medical help from December 2006, see Tormasi v. Hayman, 08-4950, Docket Entry No. 1, at 4, while, in the instant matter, Plaintiff asserted that medical attention was denied to him only from October 1, 2008, see instant action, Docket Entry No. 1, at 5;

(b) Plaintiff's Tormasi v. Hayman, 08-4950, discussion of the injuries he suffered tracks his alleged damages as of February 17, 2009, see Tormasi v. Hayman, 08-4950, Docket Entry No. 26, while Plaintiff's pleadings in the instant matter begin with reciting the same and then proceed with detailing additional events and alleged injuries, hence covering an additional period of slightly less than two and a half months, see instant action, Docket Entry No. 1; and

(c) correspondingly, this discussion of two and a half months (the post-February 17, 2009, period) is "reduced" to sixteen pages, see id. at 22-37, and thirty-seven paragraphs, see id., ¶¶ 47-83, being effectively a diary – same as Plaintiff's submissions made in Tormasi v. Hayman, 08-4950. Thus, together with the voluminous beginning of his instant complaint reciting the statements Plaintiff already made in

his <u>Tormasi v. Hayman</u>, 08-4950, submissions, Plaintiff's discussion of the post-February 17, 2009, period, yields the instant complaint totaling, in its entirety, at thirty-eight pages and eighty three paragraphs.

3.  To the extent Plaintiff's instant complaint alleges challenges of Defendants' pre-February 17, 2009, actions – or seeks recovery for the injuries Plaintiff allegedly suffered as a result of Defendants' pre-February 17, 2009, actions, the instant matter is wholly duplicative of <u>Tormasi v. Hayman</u>, 08-4950, and Plaintiff can neither reassert the same liabilities nor recover for the same injuries resulting twice. Consequently, these duplicative claims and requests for damages should be dismissed.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) (quoting <u>Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" <u>Id.</u> (quoting <u>Adam v. Jacobs</u>, 950 F.2d 89, 93 (2d Cir. 1991)).

<u>Porter v. NationsCredit Consumer Disc. Co.</u>, 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

4.  To the extent Plaintiff's allegations raise challenges on the basis of Defendants' post-February 17, 2009, actions and seek recovery for the alleged injuries other than those injuries for which Plaintiff seeks to recover for in <u>Tormasi v. Hayman</u>, 08-4950, Plaintiff's instant complaint fails to comply with requirements of

Rule 8.  In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  However, a civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure.  The Rules require that the complaint be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (emphasis supplied); cf. McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering fifteen pages and eighty-eight paragraphs).

    IT IS on this 29th day of June, 2009,

    ORDERED that Plaintiff's claims, as well as Plaintiff's requests for damages, duplicative of those raised (or sought) in

Tormasi v. Hayman, 08-4950, are dismissed, as duplicative; and it is further

ORDERED that this matter is stayed, subject to reopening upon resolution of Plaintiff's claims in Tormasi v. Hayman, 08-4950,[1] where Plaintiff might (or might not) be allowed to raise claims based on the events that took place after February 17, 2009, and/or to recover for Plaintiff's alleged injuries that he incurred after February 17, 2009;[2] and it is further

ORDERED that, within thirty days from the date of resolution of Plaintiff's claims in Tormasi v. Hayman, 08-4950, Plaintiff shall file an amended complaint in the instant matter: (a) raising claims not disposed in Tormasi v. Hayman, 08-4950, provided that these claims seek recovery for injuries not redressed by Tormasi v. Hayman, 08-4950; and (b) stating Plaintiff's claims in a clear and

---

[1] While another alternative appears to be termination of this matter and refund of Plaintiff's filing fee, this Court finds that prudential considerations, preservation of timeliness of Plaintiff's claims, render stay a more advantageous option.

[2] This Court expresses no opinion as to whether Judge Thompson, presiding over Tormasi v. Hayman, 08-4950, might or should allow Plaintiff to either amend Plaintiff's pleadings in that action to include Plaintiff's claims based on the events that took place after February 17, 2009, or to allow Plaintiff recovery for Plaintiff's alleged injuries took place after February 17, 2009, or both.

*concise* fashion, in accordance with the requirements of Rule 8;[3] and it is further

ORDERED that the Clerk of the Court shall docket this Order in the instant matter and, in addition, in Tormasi v. Hayman, 08-4950, with a notation reading "THIS ORDER IS DOCKETED FOR INFORMATIONAL PURPOSES ONLY"; and it is further

ORDERED that the Clerk shall administratively terminate this action, subject to reopening upon Plaintiff's timely filing of his amended complaint complying with the requirements of this Order; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular U.S. mail and close the file on this matter.

                                              /s/ Joel A. Pisano
                                                  **JOEL A. PISANO**
                                        **United States District Judge**

---

[3] To that effect, Plaintiff is expressly warned that no submission of quasi-diaries will be entertained by this Court, same as Plaintiff's recital of the claims already disposed of by Judge Thompson (or Plaintiff's recital of Plaintiff's alleged injuries already redressed by Judge Thompson) in Tormasi v. Hayman, 08-4950.