NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WALTER A. TORMASI,** | Civil Action No. 09-2330 (JAP) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **GEORGE W. HAYMAN, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**,

Pending before the Court is Plaintiff Walter A. Tormasi's ("Plaintiff") motion to supplement his Complaint pursuant to FED.R.CIV.P. 15(d). In light of the fact that this matter was stayed and administratively terminated prior to the Marshal's effecting service of process on Defendants, Plaintiff's motion was not served on Defendants, but instead was filed *ex parte*. The Court has fully considered Plaintiff's moving papers and decides Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated below, Plaintiff's motion is GRANTED.

**I.     Background**

On May 15, 2009, Plaintiff filed this Section 1983 action in which he alleged that Defendants violated his Eighth and Fourteenth Amendment rights when they denied him medical assistance; specifically, Plaintiff asserted that Defendants deprived him of proper prescription eyeglasses. Plaintiff's Complaint pertained to alleged violations that occurred between October 1, 2008 and May 1, 2009.

Approximately one month after Plaintiff's Complaint was filed and before Defendants were served with same, the District Court stayed and administratively terminated this matter. In

doing so, the District Court determined that Plaintiff's allegations in this matter were "substantively identical" to the allegations raised by Plaintiff in *Tormasi v. Hayman*, Civil Action No. 08-4950 (AET) (D.N.J. filed on Oct. 7, 2008) (the "2008 Action"), with the only difference being that in the 2008 Action Plaintiff asserted that he was denied medical treatment from December 2006 to February 17, 2009, whereas in this matter Plaintiff claimed that he was denied medical help from October 1, 2008 to May 1, 2009. (*See* June 29, 2009 Order at 1-2; Docket Entry No. 6 in Civil Action No. 09-2330). As a result, the District Court dismissed from this matter all claims and requests for damages related to Defendants' alleged pre-February 17, 2009 misconduct, leaving only Plaintiff's allegations regarding Defendants' post-February 17, 2009 misconduct as potentially viable claims. (*Id*. at 4-5). The District Court also stayed the adjudication of any claims based on events that took place after February 17, 2009 until the 2008 Action was resolved. (*Id*. at 5). Specifically, the District Court ordered Plaintiff to file an amended complaint in this matter within thirty days of the resolution of the 2008 Action, which raised only those claims not disposed of in the 2008 Action and which also met the pleading requirements of Rule 8. (*Id*. at 5-6). In coming to the conclusion to stay this matter, the District Court noted that it could have instead terminated "this matter and refund[ed] . . . Plaintiff's filing fee[,]" but determined that "*prudential considerations, preservation of timeliness of Plaintiff's claims*, render[ed] a stay a more advantageous option." (*Id*. at 5, n.1 (emphasis added)).

     Plaintiff now seeks permission to file a supplemental complaint pursuant to Rule 15(d) in order to assert claims that he was denied medical attention between May 1, 2009 and January 15, 2010. Like his original claims, Plaintiff's proposed supplemental claims concern the alleged deprivation of proper prescription eyeglasses. In his motion, Plaintiff recognizes that this matter has been stayed and closed, and affirmatively states that he is not seeking to have this matter

2

reopened at this juncture. (Pl. Br. at 2). Instead, out of timeliness concerns regarding claims pertaining to conduct that occurred after the filing of the original Complaint, Plaintiff seeks permission to supplement his original Complaint to add same. Plaintiff acknowledges that, once filed, the supplemental complaint would be subject to the District Court's June 29, 2009 Order staying this case as well as the procedures for reopening this matter outlined therein. (*Id*.) Plaintiff argues that the interests of justice and judicial economy militate in favor of granting his motion because the supplemental claims he seeks to assert are related to the claims brought in the original Complaint and, if he is not given permission to add same, he will be forced to file a separate civil action asserting the new claims in order to protect against the expiration of the relevant statute of limitations. (*Id*. at 1-2).

## II.     Analysis

Rule 15(d) governs the filing of supplemental pleadings. "Requests to supplement pleadings are left to the sound discretion of the court." *Glenside West Corp. v. Exxon Co., U.S.A.*, 761 F.Supp. 1118, 1133 (D.N.J. 1991). According to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) serves many important purposes. It promotes "judicial economy, avoids multiplicity of litigation, and promotes 'as complete an adjudication of the dispute between the parties as possible. . . .'" *Hassoun v. Cimmino*, 126 F.Supp.2d 353, 360 (D.N.J. 2000) (quoting *Glenside*, 761 F.Supp. at 1134 (citations omitted)).

While the text of Rule 15(d) does not include Rule 15(a)'s explicit mandate that leave be "freely give[n]," courts have construed Rule 15(d) to require such a liberal approach. As such, "[l]eave to file a supplemental complaint should be freely permitted in the absence of undue

3

delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading." *Hassoun*, 126 F.Supp.2d at 360-61.

Here, Plaintiff seeks to file the proposed Supplemental Complaint in order to protect his claims from being barred by the applicable statute of limitations. The supplemental allegations that Plaintiff seeks to add are connected to the allegations contained in the original Complaint and the Court finds that it would be more efficient and economic for these claims, which are substantially similar to those already raised by Plaintiff, to be resolved as part of this litigation, rather than for them to be adjudicated in an entirely separate litigation. In addition, the Court finds that the proposed supplemental allegations are not the product of undue delay, bad faith or dilatory tactics, nor will Defendants be unduly prejudiced by same. Further, at this juncture, the proposed supplemental allegations do not appear to be futile.

The Court is of course aware that this matter has been stayed and administratively closed. That fact, however, does not prevent the Court from permitting the proposed supplementation. Indeed, the prudential considerations underlying the District Court's initial decision to stay, rather than terminate this matter, support granting Plaintiff's motion to file a supplemental pleading.[1] If Plaintiff's motion is denied, then the timeliness of Plaintiff's proposed supplemental claims might be put in jeopardy. That is an unacceptable outcome. So too would be having Plaintiff pursue the proposed supplemental claims in a separate litigation in order to preserve their timeliness. As already noted, having multiple litigations would be inefficient and

---

[1] The District Court initially stayed this matter instead of terminating it out of prudential concerns such as "preservation of timeliness of Plaintiff's claims[.]" (June 29, 2009 Order at 5). Plaintiff's instant motion to supplement seeks to extend that "preservation of timeliness" to encompass claims not raised in the original Complaint and therefore not necessarily protected by the filing date of Plaintiff's original Complaint.

uneconomic.  Further, if another litigation were pursued, the result would likely be that that litigation, like the instant matter, would be stayed and closed pending the resolution of the 2008 Action.  The Court can avoid such an inefficient and uneconomic result while accommodating Plaintiff's timeliness concerns by permitting the proposed supplemental pleading to be filed and subjecting it to the current "stay" Order.[2]

### III.   Conclusion

For the reasons stated above, Plaintiff's motion to file a supplemental complaint is granted.  The Supplemental Complaint submitted by Plaintiff is hereby deemed constructively filed.  (Pl. Motion, Ex. A; Docket Entry No. 9-3).  As previously ordered by the District Court, this matter is stayed, subject to reopening upon resolution of Plaintiff's claims in the 2008 Action.  Within thirty days from the date of resolution of Plaintiff's claims in the 2008 Action, Plaintiff shall file an amended complaint in this matter (1) raising those claims asserted in the original Complaint and Supplemental Complaint not disposed of in the 2008 Action; and (2) stating all claims so raised in a clear and concise fashion in accordance with the requirements of Rule 8.  An appropriate Order follows.

Dated: May 7, 2010

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]The Court notes that should this matter be reopened then Defendants may still object to Plaintiff's Complaint on timeliness grounds based on the filing date of the original Complaint and Plaintiff's motion to supplement the pleadings.