NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WALTER A. TORMASI, : | |
| : | |
| Plaintiff, : | Civil Action No. 09-2330 (JAP) |
| : | |
| v. : | |
| : | |
| GEORGE W. HAYMAN, et al. : | **MEMORANDUM OPINION** |
| : | |
| Defendants. : | |

This matter comes before the Court upon Plaintiff's application, Docket Entry No. 17, seeking to lift the administrative stay imposed in this matter, and it appearing that:

1. On May 15, 2009, the Clerk opened the instant matter and docketed Plaintiff civil complaint, which arrived accompanied by Plaintiff's filing fee. See Docket Entry No. 1.

2. By that time, Plaintiff had already become a party to another civil action in this District, Tormasi v. Hayman, 08-4950 (D.N.J., filed on October 7, 2008), in which the original pleading was submitted on September 30, 2008, see id., Docket Entry No. 1, at 27, and the amended pleading was submitted on February 17, 2009. See id., Docket Entry No. 26, at 29. Plaintiff's allegations in Tormasi v. Hayman, 08-4950, were substantively identical to (or greatly overlapped with) those raised in the instant matter. Compare id., Docket Entries Nos. 1 and 26, to Instant Matter, Docket Entry No. 1. Specifically, Plaintiff asserts that Defendants failed to provide him with prescription glasses, causing Plaintiff various injuries and violating his Eighth Amendment rights. See Instant Matter, Docket Entry No. 1; see also Tormasi v. Hayman, 08-4950, Docket Entry No. 1.

3. Since the distinctions between these two actions were minimal, and Plaintiff could not reassert the same liabilities or recover for the same injuries twice, this Court dismissed Plaintiff's claims as duplicative of those raised in Tormasi v. Hayman, 08-4950. See Instant Matter, Docket Entry No. 6.

4. However, a few marginal differences between Plaintiff's allegations raised in Tormasi v. Hayman, 08-4950, and those stated in the complaint in this case did not escape the Court's attention. See id. Therefore, out of an abundance of caution and to ensure that Plaintiff was not disfranchised of his rights by the operation of the applicable limitations period, the Court directed stay of this matter until the entirety of Plaintiff's challenges raised in Tormasi v. Hayman, 08-4950, were resolved, and the challenges not barred by the doctrine of res judicata could be distilled. See Docket Entry No. 6 (entered June 29, 2009).

5. More than three years passed by. On March 5, 2013, Plaintiff filed a document titled "Stipulation of Dismissal" ("Stipulation") in this case. See Instant Matter, Docket Entry No. 21. The Stipulation stated, in pertinent part, "Plaintiff . . . hereby dismisses all [D]efendants from this action, except for [D]efendant Sparks (first name unknown)." Id. Plaintiff's additional submission, which was titled "Second Amended Complaint" and filed shortly prior to and, apparently, in conjunction with the Stipulation, stated, "Defendant Sparks is mentioned in [p]aragraphs 33-35 in 38(b) of [P]laintiff's original complaint." Docket Entry No. 18, at 2, n.2; see also id. at 3 (clarifying that Plaintiff was seeking $100,000 in compensatory damages and $100,000 in punitive damages on the basis of his challenges raised against Sparks).

6. Paragraphs 33-35 of Plaintiff's original pleading, as well as the two sentences preceding paragraph 33, and the relevant statements made in paragraphs 37-38, read as follows:

2

> [On January 22, 2009, Plaintiff] lost his equilibrium and fell backwards into the vertical steel post of his cell door.  Plaintiff's left shoulder impacted the door post from behind, causing his shoulder to dislocate from its socket and resulting in the excruciating pain and suffering.  Plaintiff immediately summoned his housing officer, [D]efendant SCO Sparks (first name unknown), in an effort to obtain emergency medical treatment for his injured shoulder.  Plaintiff showed [D]efendant Sparks that his shoulder was dislocated from its socket, but [D]efendant Sparks refused to provide [P]laintiff with emergency medical treatment on the basis that [P]laintiff's shoulder injury was not cardiovascular-related and was . . . not life-threatening.  Rather than arranging for [P]laintiff to be escorted to the UMDNJ-UCH/NJSP medical clinic, [D]efendant Sparks advised [P]laintiff to seek medical attention through regular channels by submitting [an appropriate] medical request. . . . Faced with an injured and dislocated shoulder, . . . [P]laintiff [decided] to treat his shoulder injury himself [and] manually rotated his left arm upward, pivoting left arm counter-clockwise around the corresponding shoulder joint.  This . . . caused [P]laintiff's left arm to pop back into its socket. [However,] his shoulder continued to move freely in its socket.  Plaintiff also continued to experience muscular/joint pain in his shoulder region.  Later that day, . . .[P]laintiff . . . submitted [his] medical request . . . .  The following day, on January 23, 2009, . . . Nurse Clark spoke with [P]laintiff about his . . . shoulder injury [and] endorsed [P]laintiff's . . . medical request, advising that she would refer him to the UMDNJ-UCH/NJSP medical clinic. . . . The following week, on January 29, 2009, [P]laintiff was escorted to the UMDNJ-UCH/NJSP medical clinic and met . . . Nurse Donique Ivery [whom he presented for treatment] his disjoined shoulder . . . .

Docket Entry No. 1, at 17-19.

       7.      To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).[1]  The plausibility standard "asks for more than a sheer

---

    [1]    Where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court is obligated to screen the complaint regardless of whether the prisoner pays the applicable filing fee.  See 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action . . . ."); accord Evans v. Seaford Police Dep't, No. 11-0195, 2012 U.S. Dist. LEXIS 46817, at *1 (D. Del. Apr. 3, 2012).

possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  Id. at 678 (citations and internal quotation marks omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to show such an entitlement with its facts") (internal quotation marks omitted).  The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

       8.      The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to demonstrate deliberate  indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). See Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Additionally, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "A prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of and disregards an excessive risk to inmate health and safety; the official

must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Natale, 318 F.3d at 582 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). A brief delay in providing treatment to a not life-threatening injury does not provide a basis for the claim of constitutional magnitude (unless the prisoner asserts facts actually showing that the delay was punitive in nature). See McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)("[T]he length of delay that is tolerable depends on the seriousness of the condition"); see also Johnson v. Mays Landing Sheriff's Dep't, 2013 U.S. Dist. LEXIS 61181 (D.N.J. Apr. 29, 2013) (where an inmate asserted that she waited two days for treatment of her injured shoulder from the slip and fall accident, she failed to state a claim); Kirk v. Wyo. County Corr. Facility, 2013 U.S. Dist. LEXIS 18772 (M.D. Pa. Jan. 28, 2013) (the fact of two-day delay in treatment of a prisoner's twisted ankle does not support an Eighth Amendment claim, even though the ankle was swollen and caused severe pain); Malouf v. Turner-Foster, 2013 U.S. Dist. LEXIS 7130 (D.N.J. Jan. 17, 2013) (an inmate's overnight delay in medical treatment does not state a claim as a matter of law, even though the inmate asserted being in excruciating pain); compare Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 832 (7th Cir. 2009) (state employees could be liable for four-day delay in treating prisoner who complained that his IV was causing him severe pain).

    9.    Here, Plaintiff's allegations against Sparks are limited to an assertion of: (a) failure to transfer Plaintiff to a medical facility on an emergent basis; and (b) recommendation to seek medical attention through regular channels. Moreover, Plaintiff concedes that he did, indeed, receive medical attention the very next day. Hence, the Court has not been presented with any allegation against Sparks that could be construed as sufficient to state a viable Eighth Amendment claim.

10. Although the courts generally grant leave to file an amended complaint freely, see DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000), issuance of leave to amend is not warranted in this matter, since Plaintiff's challenges make it abundantly clear that any such amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). This conclusion is particularly warranted in light of: (a) Plaintiff's long history of litigating his Eighth Amendment medical challenges in Tormasi v. Hayman, 08-4950; (b) Plaintiff's exceedingly detailed original pleading filed in this matter (consisting of 83 paragraphs, some of which included up to seven sub-paragraphs); (c) the extensive guidance previously provided to Plaintiff by this Court and Hon. Anne E. Thompson regarding the substantive test governing Eighth Amendment medical challenges; and (d) Plaintiff's already executed prior filing of an amended complaint in the instant matter.

11. For the foregoing reasons, the Court finds that further litigation of this matter is not in the interest of justice. Therefore, the Court will grant Plaintiff's application to lift the administrative stay of this matter. The Court will construe Plaintiff's Stipulation as an application seeking voluntary withdrawal of all Plaintiff's challenges except for his claim against Defendant Sparks, and will grant said application for withdrawal. The Court will dismiss Plaintiff's challenges against Defendant Sparks with prejudice, for failure to state as claim upon which relief can be granted. Correspondingly, the Court will direct the Clerk to close the file on this matter and will withdraw its jurisdiction over this action. An appropriate Order accompanies this Memorandum Opinion.

/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

Dated: May 20, 2013